United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30059
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRAZIER THOMAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50073-ALL
--------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

This court affirmed the sentence of Frazier Thomas. United
States v. Thomas, 104 Fed. Appx. 433 (5th Cir. 2004) (per
curiam). The Supreme Court vacated and remanded for further
consideration in light of United States v. Booker, 125 S. Ct. 738
(2005).

_____

[*] This appeal is being decided by a quorum due to the
retirement of Judge Pickering. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thomas was convicted of possession with intent to distribute more than 50 grams of cocaine base and was sentenced to a 210-month term of imprisonment and to a five-year period of supervised release. On appeal, Thomas argued in his original brief that the district court had erred in enhancing his sentence pursuant to U.S.S.G. 2D1.1(b)(1). Because the record reflected that the district court would have imposed the same sentence, even if the enhancement had not been applied, we determined that the district court's error, if any, was harmless and affirmed the sentence.

Because the question whether the sentence was imposed legally in light of the rule in Booker has been asserted for the first time on appeal, our review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).

Because Thomas's sentence was determined on the basis of "judge found facts, not admitted by the defendant or found by the jury, in a mandatory guidelines system," the district court plainly erred. See Mares, 402 F.3d at 521. To satisfy the plain-error test in light of Booker, Thomas must demonstrate that his substantial rights were affected by the error.[***] Id. at 522.

---

[***] Thomas argues that the error affected his substantial rights because it was structural or because prejudice should otherwise be presumed. These arguments are foreclosed. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. Apr. 11, 2005) (citing Mares, 402 F.3d at 520-22).

Because the record reflects that the district court would have imposed the same sentence if the firearms enhancement had not been applied, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. See id.

We conclude, therefore, that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the district court.

AFFIRMED.